IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHLEEN HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | _____ |
| AOL, INC. and ) | |
| THEHUFFINGTONPOST.COM, ) | |
| INC. ) | |
| ) | |
| Defendants. ) | |

**VERIFIED COMPLAINT FOR PRELIMINARY INJUNCTION AND OTHER RELIEF**

Plaintiff Kathleen Hall ("Hall" or "Plaintiff") respectfully files this Verified Complaint for Preliminary Injunction and Other Relief against Defendants AOL, Inc. ("AOL") and TheHuffingtonPost.com, Inc. ("Huffington") and alleges as follows:

**NATURE OF THE ACTION**

1.   This is an action for permanent injunctive relief and damages for trademark infringement and false designation of origin, unfair competition, false and misleading advertising, and deceptive trade practice.

172274.1

2. Hall brings this action to prevent the continuing and irreparable harm that she is suffering and will continue to suffer due to Defendants' willful infringement of Hall's rights in the "MINDFUL LIVING" and "MINDFUL TRAVEL" trademarks/service marks (the "Marks").

## THE PARTIES

3. Plaintiff Kathleen Hall is a resident of Clarkesville, Georgia who owns the rights to the federally registered trademarks "MINDFUL LIVING" and "MINDFUL TRAVEL."

4. Defendant AOL is a corporation organized and existing under the laws of the State of Delaware. AOL is registered to do business in the State of Georgia and can be served with process by serving its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

5. Upon information and belief, Defendant Huffington is a Delaware corporation and is a wholly owned subsidiary of AOL. Huffington can be served with process by serving its registered agent, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, DE, 19808.

## JURISDICTION AND VENUE

6. Jurisdiction for this action arises under the trademark laws of the United States, also known as the Lanham Act, 15 U.S.C. § 1051 *et seq*. Further, this Court has supplemental jurisdiction over any Georgia law claims under 28 U.S.C. § 1367.

7. Defendants are subject to the jurisdiction of this Court because they regularly transact business in this state and they purposefully directed their activities toward Georgia such that they should have reasonably expected to be haled into court here.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted here occurred in this judicial district.

## BACKGROUND AND FACTS

9. Hall filed for federal trademark registration of the "MINDFUL LIVING" mark on April 1, 2008. It was successfully registered on August 8, 2009. See **Exhibit A.**

10. Hall filed for federal trademark registration of the "MINDFUL TRAVEL" mark on May 5, 2010. It was successfully registered on August 16, 2011. See **Exhibit B.**

11. Hall maintains a trademark portfolio containing fifty-six (56) marks before the United States Patent and Trademark Office that contain the word "MINDFUL," twenty-one (21) of which contain the words "MINDFUL LIVING."

12. Hall has consistently used some of her "MINDFUL" marks since as early as 2007.

13. Hall uses her "MINDFUL LIVING" and "MINDFUL TRAVEL" trademarks, as well as her other numerous "MINDFUL" trademarks, in association with various goods and services in the fields of spiritual growth, dating and relationships, healing and wellness, and identifying, overcoming and avoiding stress and destructive behavior. Many of these goods and services are offered over the internet.

14. *The Huffington Post* is an American news website, content aggregator, and blog. It has a worldwide reach and has been ranked the most powerful blog in the world by *The Observer*, a London based publication. The Huffington Post website is the result of a joint venture that is operated and controlled by Defendant AOL and its subsidiary, Defendant Huffington. Alternatively, the *Huffington Post* is operated by Huffington as agent on behalf of its principal, AOL.

15. Upon information and belief, at least as early as April, 2012, Defendants launched a website using MINDFUL LIVING and infringing on Hall's

exclusive rights of use and ownership in that mark. The site is accessible at http://www.huffingtonpost.com/news/mindfulness/ and deal with "healthy living" issues.

16. By correspondence dated April 25, 2012, attorneys for Hall informed Defendants AOL and Huffington that their conduct infringed upon Hall's rights to exclusive use of the MINDFUL LIVING mark and requested that Defendants remove that mark and all references to that mark from the Huffington Post website and content. A true and correct copy of this correspondence is attached hereto as **Exhibit C**.

17. On May 4, 2012 attorneys for Defendants acknowledged receipt of the April 25, 2012 letter and stated that the *Huffington Post* was in the process of rebranding and that the MINDFUL LIVING mark would be removed from the website. A true and correct copy of this correspondence is attached hereto as **Exhibit D**. In spite of these promises, the *Huffington Post* continues to utilize the MINDFUL LIVING mark on its website. See **Exhibit E** (Huffington Post website printout).

18. On June 19, 2012, Hall discovered that Defendants were also utilizing Hall's registered trademark "MINDFUL TRAVEL" on the Huffington Post

website, thereby further infringing upon Hall's exclusive trademark rights. See **Exhibit F** (Huffington Post website printout).

## COUNTS

### Count I: Federal Trademark Infringement and False Designation of Origin (15 U.S.C. §§ 1125 and 1114)

19. Hall re-alleges and reincorporates each and every allegation made in the paragraphs above as though fully set forth herein.

20. Hall has continuously owned the rights to the federally registered "MINDFUL LIVING" trademark (Reg. No. 3674696) since 2009 and has exclusively reserved the use of that mark for herself.

21. Hall has continuously owned the rights to the federally registered "MINDFUL TRAVEL" trademark (Reg. No. 4013416) since 2011 and has exclusively reserved the use of that mark for herself.

22. Hall has never granted Defendants the right to use either the MINDFUL LIVING or the MINDFUL TRAVEL mark in any capacity.

23. Notwithstanding Hall's rights to the Marks, Defendants began using and has continued using the Marks in violation 15 U.S.C. §1125(a) and §1114 since at least as early as April 2012.

24.	This continued use by Defendants is likely to cause confusion as to source and affiliation among consumers with regard to Hall's lawful use of the Marks.

25.	Unless enjoined, Defendants will continue their unlawful actions, resulting in confusion and deception in trade and irreparable injury to Hall, for which Hall has no adequate remedy at law.

WHEREFORE, Hall is entitled to preliminary and permanent injunctive relief preventing the ongoing infringement of the Marks.  In addition, Hall has suffered damages in an amount the exact calculation of which requires discovery from Defendants and perhaps third parties.

## Count II:  Common Law Trademark Infringement

26.	Hall re-alleges and reincorporates each and every allegation made in the paragraphs above as if fully set forth herein.

27.	Defendants' conduct constitutes common law trademark infringement, as their continued use is likely to cause confusion as to source and affiliation among consumers with regard to Hall's lawful use of the Marks.

28.	Defendants' conduct is willful, intentional, and indicates a complete disregard for Hall's rights without legal justification.

29. Hall informed Defendants of their unlawful use of the "MINDFUL LIVING" mark in April 2012. Defendants have not ceased this unlawful use of that mark, however.

30. Unless enjoined, Defendants will continue their unlawful actions resulting in confusion and deception in trade and irreparable injury to Hall for which she has no adequate remedy at law.

WHEREFORE, Hall is entitled to preliminary and permanent injunctive relief preventing the on-going infringement of the Marks. In addition, Hall has suffered damages in an amount the exact calculation of which requires discovery from Defendants and perhaps third parties.

## Count III: Unfair Competition

31. Hall re-alleges and reincorporates each and every allegation made in the paragraphs above as if fully set forth herein.

32. Hall's activities have built up goodwill symbolized by the Marks and have created property of inestimable value to Hall.

33. Defendants, with the intent to profit at no expense to themselves, have taken for their own benefit and misappropriated to their own use Hall's Marks.

34. The foregoing conduct of Defendants constitutes unfair competition under O.C.G.A. § 23-2-55.

35. Unless enjoined, Defendants will continue their acts of unfair competition, resulting in confusion and deception in trade and irreparable injury to Hall, for which Hall has no adequate remedy at law.

WHEREFORE, Hall is entitled to preliminary and permanent injunctive relief preventing the unfair competition. In addition, Hall has suffered damages in an amount the exact calculation of which requires discovery from Defendants and perhaps third parties.

### Count IV:   False and Misleading Advertising

34. Hall re-alleges and reincorporates each and every allegation made in the paragraphs above as if fully set forth herein.

35. Section 43(a)(1)(B) of the Lanham Act, prohibits the use in commerce of "any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which ... misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities ...."   15 U.S.C. § 1125(a)(1)(B).

36. Section 43(a) of the Lanham Act provides that any such person who uses false or misleading advertising "shall be liable in a civil action by any person

who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a).

37. The advertising associated with Defendants' use and portrayal in commerce of Hall's federally registered Marks constitutes a misleading representation of fact in that it is likely to lead consumers to believe the origin of Huffington's services is related or affiliated with Hall.

38. As a result of this false, deceptive and misleading advertising, Defendants have interfered with the relationship and reputation Hall has worked to create, and will continue to do so, thus causing Hall to suffer irreparable damages to good will, business relationships, and revenue. Furthermore, Hall will continue to suffer such irreparable damage in the future, unless Huffington is enjoined from capitalizing upon this unlawful behavior.

WHEREFORE, Hall is entitled to preliminary and permanent injunctive relief preventing this false and misleading advertising. In addition, Hall has suffered damages in an amount the exact calculation of which requires discovery from Defendants and perhaps third parties.

### Count V:   Violation of Deceptive Trade Practices Act

39. Hall re-alleges and reincorporates each and every allegation made in the paragraphs above as if fully set forth herein.

40. Hall's activities have built up goodwill symbolized by the Marks and have created property of inestimable value to Hall.

41. Hall informed Defendants of their unlawful use of the "MINDFUL LIVING" mark in April 2012. Defendants have not ceased this unlawful use of that mark.

42. Defendants, with the intent to profit at no expense to themselves, have taken for their own benefit and misappropriated to their own use Hall's Marks.

43. The foregoing conduct of Defendants constitutes deceptive trade practice under O.C.G.A. § 10-1-372.

44. Unless enjoined, Defendants will continue its acts of unfair competition, resulting in confusion and deception in trade and irreparable injury to Hall, for which Hall has no adequate remedy at law.

WHEREFORE, Hall is entitled to preliminary and permanent injunctive relief preventing the unfair competition. In addition, Hall has suffered damages in an amount the exact calculation of which requires discovery from Defendants and perhaps third parties.

## Count VI:   Attorney's Fees

45. Hall re-alleges and reincorporates each and every allegation made in the paragraphs above as if fully set forth herein.

46. By engaging in the conduct set forth herein, Defendants have acted in bad faith, they have been stubbornly litigious, and they have caused Hall undue trouble and expense.

47. Accordingly, Hall is entitled to recover her expenses of litigation, including attorney's fees, pursuant to O.C.G.A. §13-60-11.

## PRAYER FOR RELIEF

WHEREFORE, Hall respectfully requests:

(a) That this Complaint be duly filed with the Court and served according to law;

(b) An entry of judgment in her favor against Defendants on all Counts of this Complaint;

(c) A preliminary and permanent injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from further acts of trademark infringement associated with Hall's trademarks, from unfair competition with Hall, from engaging in deceptive trade practices or false or misleading advertising, and from further injuring Hall's business reputation;

(d) A preliminary and permanent injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with

them, from using the marks "MINDFUL LIVING," "MINDFUL TRAVEL," or any other confusingly similar variant or trademark owned by Hall;

(e) An accounting to Hall of Defendants' profits from improper use of Hall's trademarks;

(f) That the Court order Defendants to pay Hall's general, special, actual, and statutory damages in accordance with the Lanham Act, the Uniform Deceptive Trade Practices act, and other applicable law;

(g) Interest, costs and attorneys' fees;

(h) Punitive damages to be determined by the Court;

(i) Termination of the website http://www.huffingtonpost.com/news/mindfulness/ and any and all other infringing uses of Hall's trademarks; and

(j) Such other relief as the Court deems just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY**

Respectfully submitted this 11th day of July, 2012.

s/ Matthew B. Ames
Matthew B. Ames
Georgia Bar No. 015898

**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, GA 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656

David R. Burkholder
Alabama Bar No. ASB-9419-D25B
Joseph D. Leavens
Alabama Bar No. ASB-3319-J66L

**BALCH & BINGHAM LLP**
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

ATTORNEYS FOR PLAINTIFF
